UNITED STATES of America, Appellee,

v.

Royal Kenneth HAYES, Appellant.

No. 76–1106.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1976.

Decided June 7, 1976.

Ronald I. Meshbesher (argued), and John P. Clifford, Minneapolis, Minn., on brief, for appellant.

Robert G. Renner, U. S. Atty. (argued), and Mel Dickstein, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and MEREDITH, District Judge.*

PER CURIAM.

This direct criminal appeal was taken by appellant Royal Kenneth Hayes following his conviction by a jury and a sentence of two years by the court. The charge was that on or about the fourth day of January, 1975, the appellant, after having been convicted of a felony in the State of Minnesota, received in commerce, or affecting commerce, a firearm in violation of Title 18 Appendix, United States Code, section 1202(a)(1). The indictment originally charged defendant with possession, as well as receiving under the statute. However, a motion for acquittal on the former charge was granted on the grounds that the Government had failed to establish the necessary interstate nexus.

The appellant asked this Court to reverse the conviction on three grounds: (1) that the conviction should be set aside because the appellant had legal advice that his "statutory pardon" under Minnesota's general rehabilitation statute meant that he could carry a firearm; (2) that the jury was improperly instructed that the weapon had moved in interstate commerce; and (3) that the testimony of his wife was improperly received in evidence. We find no reversible error and affirm the conviction.

The parties stipulated that the weapon in question was shipped interstate from the Colt Firearms Company, Hartford, Connecticut, to the Worldwide Holiday Store in Minneapolis, Minnesota, in December 1967. It was further stipulated that the appellant, Mr. Hayes, previously had been convicted of a felony in 1963. The appellant's employer identified the weapon in question and also a bill of sale, which indicated that the weapon

* The Honorable James H. Meredith, Chief Judge, United States District Court, Eastern District of Missouri, sitting by designation.

had been sold to Judith Lynne Hayes, the wife of appellant, on November 8, 1974.

The weapon with which we are concerned was taken from the defendant by a bouncer at the Roaring Twenties Cellar Bar in the early morning hours of January 4, 1975, immediately after another individual had been shot and killed in the establishment.

As a result of that killing, the defendant was charged with murder in the state courts and was acquitted. In the course of the trial of that case the defendant called Mrs. Hayes, as a witness, as he had a right to do under Minnesota law, and she testified that she had the pistol in her possession when she and her husband came to the establishment above mentioned, and that she turned the weapon over to him to hold for her while she went to the restroom.

In connection with the trial of the instant case, the Government sought to subpoena Mrs. Hayes as a witness but was unable to obtain service. Over the objection of the defendant the Government was permitted to read into evidence a transcript of the testimony that the wife had given in the murder trial. When her testimony was given in that trial, it was exculpatory as far as the defendant was concerned, but in the context of this case it was highly incriminating.

Testimony was offered by Hayes that he had received a discharge order from the Minnesota Department of Corrections which expunged his conviction and that he had been advised by a member of the State Parole Board that he was a free man and could live a normal life. Additional testimony of Mr. Hayes' lawyer was offered that he advised Mr. Hayes he could own or possess a gun. This testimony was excluded by the district court and an instruction that appellant had acted on advice of counsel was refused by the district court.

■ This Court has held previously in the case of *United States v. Mostad,* 485 F.2d 199 (8th Cir. 1973), that a person who has been convicted of a felony and restored to all civil rights and to full citizenship, pursuant to an automatic state general re-habilitation statute, may be convicted of a violation of section 1202(a)(1) for the reason that a state statutory pardon does not remove disabilities of persons previously convicted of a felony from receiving or possessing firearms and the Government need not prove specific intent to violate the law or knowledge on the part of the defendant that he is violating the law. The same ruling was made in *United States v. Kelly,* 519 F.2d 794 (8th Cir.), *cert. denied,* 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254 (1975). In the case of *United States v. Powell,* 513 F.2d 1249 (8th Cir. 1975), this Court further held that the district court properly refused an instruction that a defendant had acted on advice of counsel, since this is not a defense. Based on these cases, the district court properly excluded the testimony concerning appellant's restoration of citizenship, the advice he received from counsel, and any instructions relating to advice of counsel.

■ The second error assigned by appellant was the instruction given by the district court concerning interstate commerce on the ground that it constitutes a directed verdict of guilty as to an essential element of the crime, the receipt of the firearm in interstate commerce or affecting interstate commerce. The instruction reads as follows:

The offense charged in the one Count of the Indictment has three essential elements, as follows:

First: That the defendant was previously convicted of a felony in a state court in the United States;

Second: That thereafter the defendant knowingly received a firearm in the State of Minnesota:

Third: That the receipt of the firearm was in commerce or affecting commerce.

\*     \*     \*     \*     \*     \*

The parties have agreed or stipulated that the defendant was previously convicted of a felony in the State of Minnesota and that the firearm involved in this charge has been previously transported in interstate commerce from Connecticut to

the State of Minnesota. You may accept these stipulated facts as established.

\* \* \* \* \* \*

A defendant receives a firearm in commerce or affecting commerce if the firearm received has previously traveled in interstate or foreign commerce. Commerce means travel, trade or transportation among the several states or between any foreign country and any state. If a defendant receives a firearm which has so traveled across a state line, his receipt is one affecting commerce. Knowledge of the interstate or foreign commerce is not necessary to proof of the offense.

The foregoing is a proper instruction and it leaves to the jury the determination of whether or not the receipt of the firearm was in commerce or affecting commerce. In *United States v. Bass,* 404 U.S. 336 at page 350, 92 S.Ct. 515 at page 524, 30 L.Ed.2d 488 (1971), the Court stated:

> \* \* \* the offense of "receiv[ing] . . . in commerce or affecting commerce," \* \* \* we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce.

As has been seen, the Government was permitted to introduce over the objection of the defendant the transcript of the testimony of Mrs. Hayes given in the course of the murder trial. Defendant contends that this action violated his privilege as a husband of not having his wife testify against him. The Government argues that when the defendant called his wife as a witness in the murder trial, he effectively waived his privilege against the use of that testimony *against* him in the context of a later criminal trial on another charge, and that since the wife was unavailable as a witness, the transcript of her former testimony was admissible. See Federal Rules of Evidence, Rules 804(a)(5) and 804(b)(1).

█ We have no trouble with the use of the transcript, as such, in lieu of the *ore tenus* testimony of the wife. But a serious question is presented as to whether the use of the testimony over the objection of the defendant violated his marital privilege.

█ However, we find it unnecessary to answer that question because we are satisfied that if the district court erred in admitting the transcript, the error was harmless.

The weapon was taken from the person of the defendant by the bouncer at the night club. The defendant was not a manufacturer of firearms, and he obviously received the pistol from someone. *Cf. United States v. Kelly,* 519 F.2d 251 (8th Cir. 1975). The parties stipulated that the pistol had moved in interstate commerce, and there was undisputed evidence to the effect that Mrs. Hayes had purchased the weapon on November 8, 1974, slightly less than two months before the date of the offense charged. We think that in view of the stipulation, the evidence that Mrs. Hayes had bought the gun in November 1974, and the fact that the weapon was taken from the defendant on January 4, 1975, the jury could properly have inferred without the testimony of Mrs. Hayes that the defendant received the gun from her in some manner between November 8, 1974 and January 4, 1975. The Government was not required to prove the exact date on which the defendant received the weapon. See *United States v. Baumgarten,* 517 F.2d 1020 (8th Cir.), *cert. denied,* 423 U.S. 878, 96 S.Ct. 152, 46 L.Ed.2d 111 (1975); *United States v. Arradondo,* 483 F.2d 980 (8th Cir. 1973), *cert. denied,* 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974).

We find no basis in this case for reversal of appellant's conviction.