UNITED STATES of America, Appellee,

v.

Samuel E. HALEY, Jr., Appellant.

No. 78–1005.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1978.

Decided Aug. 16, 1978.

Sloan Wilson (on brief), McMullin, Wilson & Schwarz, Kansas City, Mo., argued, for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo. (argued), and Ronald S. Reed, Jr., U. S. Atty., on brief, for appellee.

Before HEANEY, BRIGHT and STE-PHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Samuel E. Haley, Jr., appeals from his conviction for possession of a firearm, after having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a)(1). His principal contention on appeal is that the trial court erred in failing to suppress a firearm seized during the warrantless search of his briefcase. He also contends that the indictment failed to properly state a violation of 18 U.S.C. App. § 1202(a)(1) and that the trial court improperly instructed the jury with respect to interstate commerce. We affirm.

I.

In order to provide the background needed for the consideration of this case, we set forth the facts in some detail.

At approximately 9:00 a. m. on July 29, 1977,[1] William L. Deal, a Kansas City police officer, was dispatched to the scene of an accident at 815 East 48th Street. As he proceeded to the scene, he noticed a black male lying in the street and a car parked near the curb just past the intersection of Rockhill Road and 48th Street. Officer Deal thought this situation had priority over the accident call and he stopped to investigate and determine what was wrong with the man in the street. He also noticed that the car was damaged on the left rear. He attempted to arouse the man lying in the street, but was successful in doing so only momentarily. In response to the officer's questions, the man indicated he wasn't hurt and that his name was Sam Haley. He then slumped to the ground and Officer Deal was unable to obtain any further response. There was no smell of liquor on Haley's breath.

An individual at the scene, Don Wice, informed Officer Deal that the car parked next to the curb might have been involved in an accident on 48th Street in the same vicinity as the accident to which Officer Deal had been proceeding. He told the officer that he had observed a similar car turning a corner at a high rate of speed and running a stop sign just prior to hearing the crash from the accident. After hearing the crash, Wice got on his motorcycle and proceeded to the scene of the accident. He then followed a car which was similar to the one he had previously observed, and which was proceeding at a high rate of speed some two blocks away from the acci-

---

1. We note that the search took place after the Supreme Court issued its opinion in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and, thus, there is no question of retroactivity presented.

dent. He followed the car until it parked at the intersection of Rockhill Road and 48th Street. Wice also told the officer that he had noticed that the driver of the car was a black male and that he was the sole occupant of the car.

Officer Deal then attempted to ascertain the identity of the car and of Haley. He looked in Haley's pockets, but was unsuccessful. He then looked into the car and noticed a zippered, leather briefcase in the middle of the front seat. Deal took the briefcase out of the car and opened it to look for identification. Inside, he found a driver's license and several papers all bearing the name Samuel E. Haley, Jr. He also found the firearm forming the basis for Haley's conviction under 18 U.S.C. App. § 1202(a)(1).

Haley was placed under arrest and taken to the precinct station. The car was towed to the police impoundment lot. Haley was charged with careless driving, leaving the scene of an accident and carrying a concealed weapon. This indictment followed on September 1, 1977.

## II.

■ Haley's principal contention on appeal is that the firearm seized from his briefcase should have been suppressed under *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). After carefully considering the warrantless search of Haley's briefcase, we hold that the search was justified by the particular exigent circumstances present in this case.[2]

In *Chadwick,* the Supreme Court established that an individual has a legitimate expectation of privacy in the contents of luggage. *Id.* at 13, 97 S.Ct. 2476; *United States v. Stevie,* 582 F.2d 1175 (8th Cir. 1978). It held that a warrant must be obtained prior to a search of an arrestee's luggage once the luggage has come under the exclusive control of the officer if no

exigent circumstances exist to support the need for an immediate search. *United States v. Chadwick, supra,* 433 U.S. at 15–16, 97 S.Ct. 2476; *United States v. Schleis,* 582 F.2d 1166, at 1170 (8th Cir. 1978); *United States v. Stevie,* 582 F.2d 1175 (8th Cir. 1978).

In this case, Haley's briefcase is "luggage" as defined by the context of *Chadwick* and, thus, its contents were entitled to the same protection given the contents of the footlocker in *Chadwick, United States v. Schleis, supra* at 1170, unless the exigencies of the situation were so compelling as to justify the search. After carefully reviewing the record, we are convinced that exigent circumstances justifying the search did, in fact, exist.

In its recent opinion in *Mincey v. State of Arizona,* —— U.S. ——, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), the Supreme Court recognized the justification for searches in emergency situations.

> We do not question the right of the police to respond to emergency situations. Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid. Similarly, when the police come upon the scene of a homicide they may make a prompt warrantless search of the area to see if there are other victims or if a killer is still on the premises. *Cf. Michigan v. Tyler,* [—— U.S. —— 98 S.Ct. 1942, 1950–1951, 56 L.Ed.2d 486]. "The need to protect or preserve life or avoid serious injury is justification for what would otherwise be illegal absent an exigency or emergency." *Wayne v. United States,* 115 U.S.App. D.C. 234, 241, 318 F.2d 205, 212 (opinion of Burger, J.).

*Id.* at ——, 98 S.Ct. at 2413 (footnotes omitted).

---

2. The government alternatively seeks to justify the search under the automobile exception, as a search incident to arrest and as an inventory search. In light of our holding, we do not need to reach these claims, but we note they have little merit and are not supported by the record. *See United States v. Schleis,* 582 F.2d 1166 (8th Cir. 1978); *United States v. Stevie (and United States v. Reynolds)* 582 F.2d 1175 (8th Cir. 1978).

The Court cautioned, however, that such warrantless searches "must be 'strictly circumscribed by the exigencies which justify its initiation.'" *Id.* at ——, 98 S.Ct. at 2414, *quoting Terry v. Ohio*, 392 U.S. 1, 26, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In this case, Officer Deal was presented with an emergency situation when he observed Haley lying on the street, and he reasonably believed that Haley was in need of immediate assistance. Haley's lapse from consciousness did not appear to be attributable to alcohol and Haley indicated he wasn't hurt. It was, thus, reasonable for the officer to seek identification or medical alert cards which might be of assistance. When he found no identification on Haley's person, it was reasonable to seek to obtain identification from what the officer believed to be Haley's briefcase. Officer Deal's search was limited to obtaining identification and was not a wide ranging investigatory search.

Accordingly, the warrantless search of Haley's briefcase was justified by the exigent circumstances present here.

### III.

▓ Haley next contends that the indictment was fatally defective because it failed to follow the exact language of 18 U.S.C. App. § 1202(a)(1) and allege that the firearm was transported "in commerce, or affecting commerce."[3] We disagree. It is "not necessary that the indictment follow the exact wording of the statute," *United States v. Ivers*, 512 F.2d 121, 123 (8th Cir. 1975), as long as the indictment sufficiently "informs the defendant of what he is accused of in order to enable him to prepare

his defense and to afford him protection against being placed in jeopardy a second time for the same crime." *United States v. Cartano*, 534 F.2d 788, 791 (8th Cir.), *cert. denied*, 429 U.S. 843, 97 S.Ct. 121, 50 L.Ed.2d 113 (1976).

▓ The indictment returned by the Grand Jury against Haley provides as follows:

On or about the 29th day of July, 1977, at Kansas City, Missouri, in the Western District of Missouri, SAMUEL E. HALEY, JR., having been convicted of a felony in the District Court for the Western District of Missouri on or about the 14th day of August, 1973, to wit, knowingly receiving a firearm after having been convicted of a felony, did knowingly possess a firearm, to wit, a Smith & Wesson .38 caliber revolver, Serial No. 292945, which had previously been shipped and transported in interstate commerce from Springfield, Massachusetts, to Albany, Georgia, to Kansas City, Missouri, all in violation of Title 18 App., United States Code, Section 1202(a)(1).

Haley contends that the indictment is defective because it only refers to transportation "in commerce" and does not refer to "affecting commerce."

The statute under which Haley was charged reads in the disjunctive and provides two separate ways in which the offense can be committed.[4] "It is well established that where 'the statute specifies two or more ways in which one offense may be committed, * * * proof of any one of the methods will sustain a conviction.'" *United States v. Joyner*, 539 F.2d 1162, 1165

---

**3.** 18 U.S.C. App. § 1202(a)(1) provides in pertinent part as follows:

(a) Any person who—
  (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, * * *
and who receives, possesses, or transports in commerce or affecting commerce * * * any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

**4.** Moreover, we note that the Supreme Court has held that it was clear that Congress intended to require proof of no more than a minimum nexus to interstate commerce in 18 U.S.C. App. § 1202(a). *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977). It held that proof that a firearm had previously traveled at some time in interstate commerce was sufficient. Such an allegation was contained in this indictment and no more is required. An indictment is not required to contain allegations which need not be established to sustain the burden of proof of the necessary elements of the crime charged.

(8th Cir.), *cert. denied*, 429 U.S. 983, 97 S.Ct. 499, 50 L.Ed.2d 593 (1976), *quoting Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973). With this principal in mind, it is clear that the indictment sufficiently informed Haley of each of the necessary elements of the offense with which he was charged. Indeed, it alleged more than was necessary by identifying the way the firearm had been transported in commerce.

## IV.

Haley finally contends that the trial court's instruction with respect to interstate commerce amounts to a comment on the evidence and a directed verdict of guilty. This contention is without merit. The instruction is substantially similar to instructions approved in *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), and *United States v. Hayes*, 535 F.2d 479 (8th Cir. 1976).

Affirmed.