838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Allen PHILLIPS, Defendant-Appellant.
 No. 87-5592.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1988.
Decided Jan. 27, 1988.
 
 Howard L. Cardin (Cardin & Gitomer, P.A. on brief) for appellant,
 Charles Preston Scheeler, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, Annabelle Lisic, Law Clerk on brief) for appellee.
 D.Md.
 AFFIRMED.
 Before HARRISON L. WINTER, Chief Judge, and JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Allen Phillips appeals his conviction for the possession of a firearm by a convicted felon in violation of 18 U.S.C. App. Sec. 1202(a)(1).[1] We affirm.
 
 
 2
 * In August 1982, Phillips was indicted in Maryland for malicious injury, assault with intent to maim, assault with intent to disfigure and assault and battery. In 1984, he pled guilty to malicious injury and received a suspended 4-year sentence, 5 years probation, and was required to make restitution.
 
 
 3
 In June 1985, pursuant to a federal warrant, BATF agents searched Phillips' residence. Phillips was present and told the agents where they could find a Mossberg 12 gauge shotgun. They then seized the shotgun, which was loaded and ready to fire, as well as several rounds of ammunition. Phillips admitted that the gun was his and that it had been purchased some 5 years before at a sporting goods store in Maryland. When Phillips purchased the gun, he had not been convicted of any felony grade offense.
 
 
 4
 Phillips claimed that he was never advised that he could not continue to possess his shotgun after he pled guilty to the malicious injury charge, and that he did not otherwise know that it was illegal for him to continue such possession. He also claimed that federal agents, who had occasion to be in Phillips' residence and observe the shotgun in December 1984, never advised him that he should relinquish possession of the weapon.
 
 
 5
 BATF agents test-fired Phillips' shotgun and found it to be operable. The shotgun was manufactured in Connecticut and shipped to Maryland in 1978.
 
 
 6
 Phillips was indicted in the District of Maryland for being a convicted felon in possession of a firearm in violation of 18 U.S.C.App. Sec. 1202(a)(1) and was tried at a bench trial on a stipulated record. He was found guilty and sentenced to two years imprisonment. All but six months of his sentence was suspended on the condition that Phillips remain in a jail-type setting for six months. This appeal followed.
 
 II
 
 7
 There is no doubt that the elements necessary for a conviction under Sec. 1202(a)(1) exist. Phillips is a convicted felon, he admitted to being in knowing possession of the shotgun, and the shotgun had moved in interstate commerce. U.S. v. Martin, 706 F.2d 263, 266 (8th Cir.1983). Nevertheless, Phillips contends that Sec. 1202(a)(1) does not, or should not under the rule of lenity, apply to the case where a person later convicted of a felony had obtained possession of the firearm at issue before his felony conviction. We disagree. The statute's meaning is plain and plainly to the contrary. A conviction under Sec. 1202(a)(1) does not require specific intent. U.S. v. Hatfield, 815 F.2d 1068, 1072 (6th Cir.1987). Nor need the defendant know that his possession is unlawful, U.S. v. Allen, 699 F.2d 453, 458 (9th Cir.1982), or even that he is a convicted felon, U.S. v. Castellana, 433 F.Supp. 1309, 1316 (M.D.Fla.1977); cf. U.S. v. Locke, 542 F.2d 800, 801 (9th Cir.1976) (makes no difference that defendant might have been advised he was not a felon). All that is necessary is knowing possession of a firearm. Hatfield; Allen. Several other courts have ruled that the fact that a defendant had received erroneous legal advice that it was all right for him to possess a firearm is no defense under Sec. 1202(a)(1). See, e.g., U.S. v. Hayes, 535 F.2d 479, 481 (8th Cir.1976).
 
 
 8
 Phillips attempts to distinguish these cases on the grounds that in each the defendants obtained possession after being convicted. This argument was addressed and rejected, at least implicitly, in Scarborough v. U.S., 431 U.S. 563 (1977). In that case, Scarborough was convicted for the felony of possession of narcotics with intent to distribute. A year later, four firearms were seized from his reseidence and he was convicted for violating Sec. 1202(a)(1). All of the firearms were allegedly acquired, and also moved in interstate commerce, before his narcotics conviction which served as the predicate for the Sec. 1202(a)(1) conviction. Scarborough defended on the ground that conviction under Sec. 1202(a)(1) required that the government show that the weapon in question "affected commerce" at the time the offense was committed--in other words, after a defendant had been convicted of a felony. Under Scarborough's theory, because he had acquired the weapons in question before his felony conviction and had not thereafter moved them to "affect commerce," he was not guilty. The Supreme Court rejected this interpretation, finding "no basis for contending that a weapon acquired after conviction affects commerce differently from one acquired before and retained." Id. at 572. Looking to the statutory materials, the Court concluded that "[t]here is simply no indication of any concern with either the movement of the gun or the possessor or with the time of acquisition." Id.[2] If there were doubts as to the Court's interpretation, Justice Stewart in dissent left none:
 
 
 9
 So far as the record reflects, the petitioner in this case acquired the four weapons in question before he was convicted of a felony in August 1972. Until that time, his possession of the guns was entirely legal under federal law. Under the Court's construction of 18 U.S.C.App. Sec. 1202(a)(1), however, the petitioner was automatically guilty of a serious federal criminal offense at the moment he was convicted in the state felony case. This result is in my view inconsistent with the time-honored rule of lenity in construing federal criminal statutes. See, e.g., Rewis v. United States, 401 U.S. 808, 812; Ladner v. United States, 358 U.S. 169, 177-78; Bell v. United States, 349 U.S. 81, 83; United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221-222. I would hold that Sec. 1202(a)(1) does not come into play unless and until a person first comes into possession of a firearm after he is convicted of a felony. Id. at 578 (emphasis in original).
 
 
 10
 There are two other reasons for rejecting Phillips' proposed interpretation that merit brief attention. First, Congress' purpose in enacting Sec. 1202(a)(1) was to keep firearms out of the hands of a dangerous class of individuals. U.S. v. Falletta, 523 F.2d 1198, 1200 (5th Cir.1975). In so doing, it was concerned with problems of proof, particularly the difficulty of proving receipt of a firearm by one already convicted of a felony. See Scarborough, 431 U.S. at 576. Making possession the key element of the offense was designed to effectuate Congress' broad purpose as well as alleviate obstacles to the achievement of that purpose. Second, the statute Phillips was indicted under contained explicit limited exemptions from the disability imposed that did not cover Phillips' case.[3] Where explicit exemptions are included in a statute, a court should hesitate to imply in additional ones even where facial ambiguity might permit some latitude in interpretation.[4]
 
 
 11
 We therefore conclude that the statute plainly covers the conduct charged and proven here and that application of the rule of lenity is not warranted.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 We note that 18 U.S.C.App. Secs. 1201-1203 have now been repealed and simultaneously replaced by comparable substantive provisions by Public Law 99-308, Sec. 104(b). The substantive offense for which Phillips was indicted, possession of a firearm by a convicted felon, is now codified at 18 U.S.C. Sec. 922(g)
 
 
 [2]
 It is possible that Phillips is attempting to avoid the effects of Scarborough, which he does not cite, by basing his argument on the definition of possession, instead of on the "affecting commerce" argument. Though the Court did not decide Scarborough on this basis, see Scarborough, 431 U.S. at 575 n. 12, it did note that it saw no support in the text or statutory materials to reach the proposed interpretation by this route either
 
 
 [3]
 The full text of 18 U.S.C.App. Sec. 1203 is as follows:
 Sec. 1203. Exemptions.
 This title shall not apply to--
 (1) any prisoner who by reason of duties connected with law enforcement has expressly been entrusted with a firearm by competent authority of the prison; and
 (2) any person who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm.
 
 
 [4]
 While the recodification of Secs. 1201-1203 did not carry over a separate exemption section, the exemptions of Sec. 1203(2) have been largely incorporated into the definition of what constitutes a predicate conviction sufficient to impose a firearms disability under Sec. 922(g)(1). See 18 U.S.C. Sec. 921(a)(20) ("Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.")
 Also carried over and broadened in scope from existing law is a procedure whereby individuals suffering a federal firearms disability may apply to the Secretary of the Treasury for relief from such disability. See 18 U.S.C. Sec. 925(c).