**UNITED STATES of America, Appellee,**

v.

**Darryl W. FLENOID, Appellant.**

No. 91–1680.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Nov. 21, 1991.

James A. Pinkston, Sikeston, Missouri, argued, for appellant.

David M. Rosen, St. Louis, Mo., argued (Stephen B. Higgins and David M. Rosen, on brief), for appellee.

Before ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Darryl W. Flenoid was originally indicted on August 30, 1989, for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and use of a firearm in a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). After three mistrials, a jury found Flenoid guilty of all charges. Flenoid appeals. We reverse and remand for a new trial.

## I. BACKGROUND

Flenoid was originally indicted on August 30, 1989. His first trial began on December 11, 1989, but the district court declared a mistrial after accidentally reading a portion of the indictment to the jury which portion contained Flenoid's criminal record. The parties had stipulated that the jury not be informed of Flenoid's record. The original indictment was dismissed without prejudice and Flenoid was re-indicted on December 14, 1989. Flenoid's second trial began on April 2, 1990, ending in another mistrial when the jury was unable to reach a verdict. The third trial began on May 21, 1990. The jury, however, again was unable to reach a verdict and the district court declared a third mistrial on May 23, 1990.

After various delays, including one necessitated by the withdrawal of original defense counsel, Flenoid's case was called for its fourth trial on January 7, 1991. Flenoid's new counsel, R. Greg Bailey, stated that he was having difficulty locating certain witnesses, describing them as "not very rooted people." The district court granted the defense a two day extension and issued five subpoenas for defense witnesses. The trial ultimately began on January 9, 1991. Before the government began to present its case, Bailey informed the district court that he still was attempting to subpoena certain witnesses, including Martha Sidney. Sidney had testified at two earlier trials in support of Flenoid's defense and had been subject to government cross-examination. Bailey stated that he had requested the marshals to serve Sidney at her last known address and at her place of employment.

Later near the end of the trial, Bailey again informed the court that he could not locate Sidney. Bailey explained that he had used a credit reporting service to ascertain Sidney's most recent address and that the marshals tried unsuccessfully to serve a subpoena on her there. Bailey also stated that he made other attempts to contact Sidney at the address and exhausted all other leads as to Sidney's whereabouts. Bailey asked the district court to declare Sidney unavailable and to permit him to use her testimony from a prior trial. The court, however, refused to permit this pro-

cedure.[1] The next day, January 10, 1991, the jury found Flenoid guilty on all charges.

Sidney's testimony was significant because it corroborated key elements of Flenoid's version of the events surrounding his arrest, which differed drastically from the scenario presented by the police. The essence of the dispute concerned Flenoid's whereabouts immediately before and at the time of his arrest. The police testified that they observed Flenoid and another person engage in suspected drug transactions outside a boarding house. The officers drove over to the house and as they approached, the suspects ran. One officer apprehended Flenoid outside the house after a short chase, allegedly seizing a weapon Flenoid dropped during the chase and discovering cocaine on Flenoid's person. The second officer chased the other suspect into the boarding house and apprehended him inside.

Flenoid, in contrast, claimed that he was inside the boarding house throughout the period in question, mainly in Sidney's room eating lunch and playing cards with Sidney and another person.[2] According to Flenoid, the police first encountered him after they arrived at the boarding house, detained him while they searched the house, and arrested him after they discovered controlled substances and weapons in rooms other than Sidney's. Flenoid insinuated that he was arrested in retaliation for helping his sister bring a complaint against one of the arresting officers several years earlier. Although the details of Sidney's testimony were not entirely consistent with the statements given by Flenoid, Sidney did confirm Flenoid's basic assertion that he was inside the boarding house in Sidney's room before his arrest, eating lunch and playing cards.

## II. DISCUSSION

■ Flenoid raises several issues on appeal, but we only address two. First, Flenoid asserts that the delay between his third and fourth trials violated the Speedy Trial Act. See 18 U.S.C. § 3161 (1988). The government concedes that the delay, even after proper exclusions, exceeded the Speedy Trial Act's seventy-day limit for retrials, but counters that Flenoid failed to raise the speedy-trial violation before trial. A defendant's failure to move before trial for dismissal of an indictment on speedy-trial grounds, waives any remedy under the Speedy Trial Act. E.g., United States v. Kaylor, 877 F.2d 658, 663 (8th Cir.), cert. denied, 493 U.S. 871, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989). Flenoid, therefore, waived his Speedy Trial Act objection.

■ Second, Flenoid contends that the district court committed prejudicial error in excluding the prior testimony of Sidney.[3] Initially, we agree that the district court should have admitted the evidence. Under the Federal Rules of Evidence, the former testimony of a witness is admissible at trial where the proponent of the testimony is unable to procure the witness's attendance "by process or other reasonable means" and the party against whom the testimony is offered had an opportunity at the earlier hearing "to develop the testimony by direct, cross, or redirect examination." Fed. R.Evid. 804(a)(5), (b)(1). A good faith attempt to locate and subpoena the witness satisfies the proponent's obligation to demonstrate that the witness is unavailable. See United States v. Hayes, 535 F.2d 479, 482 (8th Cir.1976).

Bailey's comments before and at trial demonstrate that the defense made reasonable efforts to locate and subpoena Sidney.

---

1. Bailey also stated that he had difficulty locating another witness, Tim Brankley, but failed to unambiguously request that the court declare Brankley unavailable and admit his former testimony. After discussing his problems finding Brankley, Bailey again asked the court to admit Sidney's prior testimony. The record contains no clarification of whether this was merely a misstatement or whether Sidney was the only witness Bailey sought to present to the jury.

2. The other person was Tim Brankley.

3. Flenoid also argues on appeal that the district court committed error in excluding the testimony of Tim Brankley, but as discussed supra note 1, it is not clear whether Bailey requested permission to use Brankley's prior testimony.

As earlier stated, Bailey directed the marshals to serve Sidney at her last known address, made other attempts to reach Sidney at that address, and exhausted all other leads concerning her whereabouts. Moreover, Bailey warned the district court before trial that the he was experiencing difficulties locating Sidney and kept the court informed of his efforts. Producing a recalcitrant or transitory witness at trial often is a difficult task. As a result, we are reluctant to impose a more stringent requirement for demonstrating unavailability under Rule 804(a)(5). Because the government had ample opportunity to cross-examine Sidney at the earlier trials, the district court should have permitted the use of her former testimony.

The improper exclusion of Sidney's prior testimony, however, requires reversal of Flenoid's conviction only if the error was not harmless. *See* Fed.R.Crim.P. 52(a). "An error is harmless if the reviewing court, after viewing the entire record, determines that no substantial rights of the defendant were affected, and that the error did not influence or had only a very slight influence on the verdict." *United States v. Cortez*, 935 F.2d 135, 140 (8th Cir.1991) (citations omitted). After a review of the record here, we cannot conclude that the absence of Sidney's testimony in the fourth trial had no or a very slight influence on the verdict. Sidney's testimony was not an insignificant piece of evidence. On the contrary, it was a crucial aspect of proving Flenoid's theory of the case. Without Sidney's testimony, Flenoid had no direct, independent support for his version of the events surrounding his arrest.

The significance of Sidney's testimony is demonstrated by the results of the earlier trials, in particular, the third trial. Although other facts presented in the third trial indirectly supported Flenoid's theory of the case, the key supporting evidence was Sidney's testimony.[4] The third trial ended with a hung jury. When compared with the results of the fourth trial, the results of the third trial strongly indicate that the exclusion of Sidney's testimony was not harmless error.

## III. CONCLUSION

Although Flenoid raises other issues on appeal, we decline to address them. The resolution of these issues would neither entitle Flenoid to further relief nor provide significant guidance to the court below. Thus, we merely conclude that because the improper exclusion of Sidney's prior testimony was not harmless, Flenoid's convictions must be reversed and the case remanded for a new trial.[5]

---

4. Although Tim Brankley's testimony from the second trial also supported Flenoid's theory of the case, Brankley did not testify in the third trial.

5. If Sidney is again unavailable for trial, Flenoid may introduce her prior testimony from either the second or the third trial under Rule 804. We also note that the government as well may introduce Sidney's prior testimony from either trial.