50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
James Christopher RYAN, Appellant.
UNITED STATES of America, Appellee,
v.
Timothy James CALLAHAN, Appellant.
 No. 94-2359, 94-2325.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 15, 1995.
Filed: Mar. 20, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Christopher Ryan and Timothy James Callahan appeal the sentences imposed by the District Court[1] after Ryan and Callahan were convicted of distributing and conspiring to distribute marijuana. We affirm.
 
 
 2
 At trial, Yusef Igram, on behalf of the government, testified about Ryan and Callahan's involvement in a marijuana distribution conspiracy in 1991 and 1992. Igram also testified that he was contacted in March 1993 by Ryan, who told him that he had heard Igram was cooperating with the government and Callahan wanted to talk to him. Igram made a series of recorded telephone calls to Callahan in March 1993. During these calls, Callahan attempted to influence Igram not to cooperate with law enforcement officials, suggesting that Igram lie to agents and tell them the marijuana came from one of his customers; appealing to Igram's Muslim faith; and stating that Igram's religion provided severe penalties if a person cooperated with law enforcement officials. Ryan arranged to meet with Igram and, on various occasions, suggested that Igram leave town and change his name in light of the pending investigation; stated that Igram should "do the right thing," and not cooperate with the government; cautioned Igram "keep it right there," and "[d]on't have her say anything else," after Igram indicated that his girlfriend had not yet implicated Ryan; and generally urged Igram not to say anything to anyone.
 
 
 3
 Based on this evidence, the presentence reports (PSRs) recommended obstruction-of-justice enhancements for both defendants. Callahan's PSR also recommended a role enhancement because Callahan was responsible for directing the flow of marijuana into Iowa; he arranged shipments, he travelled out of state to obtain marijuana later delivered to Iowa, and he was the marijuana supply source for Igram. Both Ryan and Callahan objected to, inter alia, the obstruction-of-justice enhancement; Callahan also challenged his role enhancement.
 
 
 4
 At sentencing, the court reviewed the evidence for both defendants, and then made individualized sentencing determinations. The court overruled Ryan and Callahan's obstruction-of-justice objections, and imposed on Callahan a three-level role enhancement, finding that he was a manager in the conspiracy and that there were at least five participants. The court sentenced Ryan to 60 months imprisonment and six years supervised release, and imposed a $2000 fine. Callahan received 96 months imprisonment and six years supervised release.
 
 
 5
 On appeal, Ryan argues that the District Court erred in imposing on him the obstruction-of-justice enhancement, while Callahan submits that it should not have imposed obstruction-of- justice and role enhancements. This Court denied Callahan's motion for new counsel, but allowed Callahan to file a pro se supplemental brief, in which he suggests that he was "entrapped" into obstructing justice and argues that his counsel was ineffective in failing to have the superseding indictment dismissed because his indictment and trial were untimely under the Speedy Trial Act.
 
 
 6
 The Guidelines provide for a two-level enhancement if a defendant willfully obstructs or attempts to obstruct justice. U.S.S.G. Sec. 3C1.1 (1993). Obstructive conduct may vary widely in nature and seriousness, and the commentary's non-exhaustive list includes attempting to unlawfully influence a co-defendant or witness and attempting to suborn perjury. U.S.S.G. Sec. 3C1.1, comment. (nn.2, 3(a) & (b)). Under this section, the defendant is accountable both for his own conduct and also for conduct he aided and abetted. Section 3C1.1, comment. (n.7). "We review de novo a sentencing court's determination that section 3C1.1 applies to specific conduct, but review for clear error the court's factual findings." United States v. McCoy, 36 F.2d 740, 742 (8th Cir. 1994).
 
 
 7
 Here, the District Court found that Callahan and Ryan contacted Igram after almost a year's silence. Callahan suggested that Igram lie to authorities and to the grand jury about his recollection, and implicitly threatened him with physical harm. Ryan told Igram to have his girlfriend lie about her knowledge of Ryan's involvement. Having reviewed the record, including excerpts from the taped conversations, we find no clear error, and conclude the District Court properly applied the enhancement to this conduct.
 
 
 8
 Callahan's three-level role enhancement was applied because he was found to be a manager or supervisor of a criminal activity involving five or more participants. U.S.S.G. Sec. 3B1.1(b) (1993). We review such an enhancement for clear error. United States v. Tangeman, 30 F.3d 950, 953 (8th Cir.), cert. denied, 115 S. Ct. 532 (1994). Here, having presided over both the trial and sentencing, the District Court found that there were at least five participants, and that Callahan co-managed activities with Igram, recruited and directed Ryan, was the source of the marijuana, and helped control how the marijuana was transported and how the money was paid. We find no clear error in the conclusions of the District Court.
 
 
 9
 Callahan's pro se arguments likewise fail. His plea of entrapment on the obstruction issue is defeated by the court's finding that the defendants approached Igram in March of 1993 to talk with him about his cooperation. Callahan's speedy trial claims also fail because he did not move before trial for dismissal of the indictment on these grounds. See United States v. Flenoid, 949 F.2d 970, 972 (8th Cir. 1991) (failure to so move waives any remedy under the Speedy Trial Act). Callahan's claim that his counsel was ineffective for not demanding dismissal of the indictment cannot be raised on direct appeal, as it was not presented to the District Court. See United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.) (quoting United States v. Duke, 940 F.2d 1113, 1120 (8th Cir. 1991)), cert. denied, 114 S. Ct. 2722 (1994).
 
 
 10
 Accordingly, the judgments are affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa