UNITED STATES of America, Appellee,

v.

Michelle F. TANGEMAN, Appellant.

No. 93–3600.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1994.

Decided July 18, 1994.

Order Denying Rehearing Aug. 16, 1994.

BEAM, Circuit Judge.

Michelle F. Tangeman appeals her conviction and eighty-seven month sentence on one count of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846. We affirm.

## I. BACKGROUND

Tangeman was convicted by a jury. The government's evidence consisted primarily of the testimony of Dallas Whiting, one of Tangeman's associates, and several audiotaped conversations between Tangeman and Constance Loos, a government informant. Whiting, a convicted felon whose plea agreement required him to assist the government with other investigations and to testify at trials, testified about his cocaine purchases from Tangeman and about conversations he had with Tangeman concerning the source of her cocaine and her transactions with other purchasers. The audiotapes recount incriminating conversations between Tangeman and Loos. Loos wore a body microphone and transmitter during her conversations with Tangeman as part of her plea agreement on unrelated charges. Loos died shortly before Tangeman was indicted.

Tangeman moved to suppress the tapes before trial. She claimed that Loos had not consented to make the tapes and that the tapes violated Tangeman's right to confront witnesses against her. At the suppression hearing, Loos's attorney and one of the officers who conducted the investigation testified that Loos freely and voluntarily consented to wearing the body microphone and transmitter. The magistrate judge recommended denial of Tangeman's motion to suppress the tapes. Following receipt of Tangeman's objections to the recommendation and a de novo review of the evidence, the district court denied the motion, 821 F.Supp. 1336. After jury selection, the district court held a second hearing to determine the admissibility of the tapes and examined the transcripts of both tapes. Tangeman reasserted her objections from the motion to suppress and asserted several additional objections to specific portions of the tapes and to their admissibility in general. The court excised certain

David R. Stickman, Omaha, NE, for appellant.

Paul Boeshart, Asst. U.S. Atty., of Lincoln, NE, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MAGILL and BEAM, Circuit Judges.

portions of the tapes and the remaining portions were played for the jury.

The jury returned a verdict of guilty and the district court entered judgment on the jury's verdict. At the sentencing hearing, the court adopted the Presentence Report (PSR) recommendation that Tangeman's offense level be increased by three levels under U.S.S.G. § 3B1.1(b) for managing or supervising a conspiracy involving at least five individuals. The court found that the conspiracy involved at least five individuals, and reasoned that although Tangeman's conduct did not rise to the level of leader or organizer of a conspiracy—which would have required a four-level increase—she could be described as a manager or supervisor of the conspiracy and thus was subject to the three-level increase.

## II. DISCUSSION

### A. Admissibility of the Audiotapes

■ First, Tangeman argues that the government failed to carry its burden, under the Fourth Amendment and 18 U.S.C. § 2511(2)(c), of showing that Loos consented to the recording of her conversations with Tangeman. At the suppression hearing, Loos's attorney asserted the attorney-client privilege on cross-examination when asked whether she advised Loos that Loos was not required to wear a body microphone, when asked Loos's motives for entering the plea agreement and when asked whether Loos had a drug addiction. Tangeman argues from these omissions that there was insufficient evidence of Loos's consent and that the district court erred in admitting the tapes.

■ We review the district court's denial of a motion to suppress evidence for clear error. *United States v. Chhunn*, 11 F.3d 107, 109 (8th Cir.1993). Neither a defendant's Fourth Amendment rights nor section 2511(2)(c) are violated when a defendant's conversation with a government informant is recorded with the consent of the informant. *See United States v. Diaz*, 685 F.2d 252, 254 (8th Cir.1982). The voluntariness of the consent is examined under the totality of the circumstances. *Id.* We have reviewed the suppression hearing transcript and conclude that under the totality of the circumstances, the district court did not clearly err by denying Tangeman's motion to suppress the tapes. The government produced evidence that Loos agreed in writing to wear the body microphone and transmitter, Loos's attorney testified that in her opinion Loos's consent was voluntary, and the investigating police officer testified that Loos was not coerced to sign the agreement, that Loos agreed to telephone Tangeman to set up the meetings and that Loos even suggested clothing to conceal the microphone. We agree with the district court that this testimony, especially in the absence of any evidence of coercion or duress, more than satisfies the government's burden.

■ Second, Tangeman argues that Loos's statements on the tapes are hearsay and violate Tangeman's Sixth Amendment right to confront witnesses against her. We agree with the district court, however, that Loos's statements were offered to provide context for Tangeman's admissions and not to prove the truth of the matters asserted therein. The court also cautioned the jury that voices in the recordings other than Tangeman's were to be considered only to place Tangeman's statements in context. Accordingly, we find that Loos's statements are not hearsay, *see* Fed.R.Evid. 801(c), and do not violate Tangeman's right to confrontation. *See Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078, 2081–82, 85 L.Ed.2d 425 (1985).

■ Finally, Tangeman argues that the district court erred in admitting the tapes because portions of the tapes are inaudible. We review this claim for abuse of discretion. *United States v. Huff*, 959 F.2d 731, 73792062488 (8th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 162, 121 L.Ed.2d 110 (1992). The district court considered that the jury would probably not be able to understand everything that was said on the tapes, but concluded that the tapes were not so inaudible that they should be kept from the jury. We find no abuse of discretion in the court's conclusion.

### B. Sufficiency of the Evidence

■ Tangeman argues, partially based on her belief that the audiotapes were inadmis-

sible, that the evidence was insufficient to support her conviction. As indicated, the district court properly admitted the audiotapes. Viewing the entire record in the light most favorable to the jury's verdict, we conclude that Tangeman's conviction was well-supported by the evidence.

### C. Sentencing Adjustment

■ Tangeman contends the evidence did not demonstrate that she exercised sufficient control and authority over her coconspirators to receive a three-level upward adjustment for being a manager or supervisor under U.S.S.G. § 3B1.1(b). *See United States v. Adipietro,* 983 F.2d 1468, 1473 (8th Cir.1993). We review this contention for clear error. *United States v. Johnston,* 973 F.2d 611, 613–14 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1019, 122 L.Ed.2d 165 (1993). Whiting's testimony and some of Tangeman's taped admissions support the contentions that Tangeman exercised control over cocaine sales and that she negotiated for the purchase of cocaine in Texas. Our review of the record reveals no clear error in the district court's finding.

### III. CONCLUSION

For the reasons discussed above, the judgment of the district court is affirmed.

### ORDER

Aug. 16, 1994

The court has construed appellant's motion for an extension of time as a petition for rehearing. The petition for rehearing by the panel is denied as frivolous.

The Court directs Mr. David R. Stickman, counsel for appellant, to file a petition for certiorari with the Supreme Court if appellant requests him to do so.