## TIMOTHY FRANK WADE, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 29235

October 11, 1999                 986 P.2d 438

*John B. Routsis* and *William J. Routsis, II,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Terrence P. McCarthy,* Deputy District Attorney, Washoe County, for Respondent.

Before ROSE, C. J., YOUNG, MAUPIN and SHEARING, JJ.

## OPINION

*Per Curiam:*

In Wade v. State, 114 Nev. 914, 966 P.2d 160 (1998), this court affirmed appellant Timothy Frank Wade's conviction of one count of conspiracy to sell a controlled substance and one count of sale of twenty-eight (28) grams or more of methamphetamine. Appellant has petitioned this court for rehearing of that decision. Although we deny rehearing, we issue this opinion modifying our prior opinion.

The facts of this case are recounted in detail in the previously issued opinion. In brief, appellant was the target of a federal drug trafficking investigation. Federal Drug Enforcement Agency (DEA) agents used a confidential informant, Clay Hodges, to arrange meetings between appellant and DEA agents. Under the direction of the DEA, Hodges taped a number of telephone and face-to-face conversations with appellant. Ultimately, Hodges arranged for an agent to purchase two pounds of methamphetamine for $21,000 from appellant, Nancy Lyn Woods, and Heriberto Islas.

Appellant was subsequently tried and convicted in state court on conspiracy and trafficking charges. At the trial below, Hodges could not be located and did not appear as a witness. The trial court permitted the state to play the tape-recorded conversations between Hodges and appellant for the jury during its case-in-chief.

During oral argument before this court, counsel for appellant

focused primarily on two assignments of error: (1) that the district court erroneously admitted the taped conversations; and (2) that the state failed to disclose potentially exculpatory evidence regarding Hodges to the defense. On rehearing, appellant again focuses on these issues and contends that this court overlooked or misapprehended material matters relating to these contentions. *See* NRAP 40(c).

*Admission of the taped conversations*

United States v. Tangeman, 30 F.3d 950, 952 (8th Cir. 1994), held that an unavailable informant's tape-recorded statements were properly admitted at trial because they were offered to provide context for the defendant's admissions and not to prove the truth of the matters asserted. In our prior opinion, we adopted the approach taken in *Tangeman* and concluded that the district court did not err in admitting the recordings of conversations between Hodges and appellant. We held that Hodges' tape-recorded statements were not hearsay because the state "did not introduce Hodges' statements on the tapes to prove the truth of the matter asserted, but only for the limited purpose of providing a context for [appellant's] statements." *Wade,* 114 Nev. at 918, 966 P.2d at 162-63.

On rehearing, appellant complains that this court improperly relied on *Tangeman* because the jury in that case was specifically instructed that voices on the tape other than the defendant's were to be considered only to place the defendant's statements in context. *See Tangeman,* 30 F.3d at 952. Because no such special, limiting instruction was given at his trial, appellant now asserts that this court improperly applied the rationale of *Tangeman* to his case.

In the proceedings below, the state emphasized, on the record, that it had "no problem" with giving the jury a limiting instruction similar to the instruction in *Tangeman.* Further, the district court specifically indicated, on the record, its willingness to give such an instruction. With the exception of objections to the wording of the instructions respecting appellant's procuring agent and entrapment defenses, however, defense counsel specifically stipulated, on the record, that he had no objection to the instructions provided in this case. Appellant never requested a special, limiting instruction similar to the one given in *Tangeman.* Under these circumstances, appellant cannot now be heard to complain that the

court did not give the instruction.[1] *See* Etcheverry v. State, 107 Nev. 782, 784-85, 821 P.2d 350, 351 (1991) (defense counsel's failure to request an instruction precludes appellate consideration of the issue).

Moreover, the cases other than *Tangeman* cited in our earlier opinion held that recorded statements of an unavailable informant are admissible when used only to provide context for the defendant's statements, even without a limiting instruction. *See* United States v. Inadi, 475 U.S. 387, 398 n.11 (1986); United States v. McKneely, 69 F.3d 1074 (10th Cir. 1995). Thus, the district court's failure to give a limiting instruction in the instant case was not reversible error, and this court did not misapprehend any material matter in concluding that Hodges' recorded statements were properly admitted.[2]

*Alleged failure to disclose potentially exculpatory evidence*

This court's prior opinion states that "the DEA refused to disclose the [confidential informant] file on Hodges to the State." *Wade,* 114 Nev. at 919, 966 P.2d at 163. On rehearing, and without any citation to the record, appellant contends that "[t]his 'fact' is untrue." Again without citation to the record, appellant further asserts: "It is uncontested that the D.A. possessed the confidential informant file. The D.A. requested the C.I. file and it was turned over to him."

We cannot ascertain conclusively from this record whether the DEA in fact "refused" to disclose information to the state. Therefore, upon further reflection, it appears that our prior opinion could have more aptly stated that "appellant was not provided

---

[1]We recognize, of course, that counsels' decision to not request the instruction may well have been a sound trial tactical decision based upon counsels' assessment of whether the instruction would detract from the jury's consideration of any correlation between Hodges' tape-recorded statements and appellant's entrapment and procuring agent defenses.

[2]Appellant also asserts that this case is distinguishable from *Tangeman* because the DEA's deactivation of Hodges as a confidential informant "made [Hodges] unavailable" to testify. *See* NRS 51.055(2) ("[a] declarant is not 'unavailable as a witness' if his . . . absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying"). Appellant has failed to demonstrate, however, that the district court erred in concluding that: (1) "the State did not actively cause the flight of Mr. Hodges;" (2) "[t]he fact that Federal agents deactivated Mr. Hodges did not in and of itself bring about Mr. Hodges' unavailability;" and (3) "neither the DEA's action nor its inaction . . . is sufficiently causally related to find State action which caused Mr. Hodges' unavailability." Accordingly, we reject appellant's contention.

with all the information he requested in discovery relating to the confidential informant." Nonetheless, we emphasize that appellant has not pointed this court to any specific evidence of record that firmly establishes that the statement in our prior opinion is "untrue." Rather, our independent review of the record, the briefs, the oral argument tape, and the points and authorities submitted by the parties on rehearing discloses strong reasons to infer that the DEA failed or "refused to disclose" at least some information to the state.

For example, in discussing evidence appellant requested in discovery concerning the DEA's confidential informant file, the state represented to this court in its answering brief on appeal:

> [I]t is clear that the prosecutor never had the evidence. If he had it, defense counsel could have copied it. If it existed at all, the DEA had it. The DEA is not subordinate to the State and was not acting on behalf of the State of Nevada when it prepared the CI file.

In addition, at oral argument before this court, counsel for the state was asked if anything was omitted from the file provided to defense counsel. Counsel responded:

> Oh I'm sure there was. The DEA did not furnish us with everything they had. They furnished us with . . . the file labeled "Tim Wade." Certainly, the DEA has access to other information. They had information in other files under other names—phone records and the like.[3]

Additionally, in its opposition to the instant petition for rehearing, the state argues: "[Appellant] has not yet identified any exculpatory information which was possessed by the District Attorney but withheld from the defense. If we had it or could get it, we would surrender it."

Although the above-quoted remarks of counsel for the state strongly suggest that the DEA may well have refused to disclose information to the state, we acknowledge that this is an unresolved factual issue. However, "[t]his court is not a fact-finding tribunal; that function is best performed by the district court." *See* Zugel v. Miller, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983). It is the

---

[3]The state's counsel further insisted that the state gave defense counsel "everything that we had access to. In addition, we were able to persuade the DEA to surrender the 'Tim Wade' file . . . . But there's more, there's things in the Clay Hodges file. We did not get that from the DEA." When asked by the court if the state requested that file, the state's counsel replied: "There's no record that we did. I don't know if we did or not. The DEA has not always been cooperative with the local prosecuting officials."

responsibility of counsel for the parties to create an adequate appellate record by assuring that appropriate objections and contested factual matters are resolved in the first instance in the district court.

Although it may not be entirely clear whether the DEA "refused" to disclose all of Hodges' C.I. file to the state, it is abundantly clear from the above-quoted remarks and argument that the state does indeed contest whether it possessed all of the C.I. file. We therefore reject as wholly unfounded appellant's claim that "[i]t is uncontested that the D.A. possessed the confidential informant file. The D.A. requested the C.I. file and it was turned over to him." The question is quite emphatically contested by the state.

Appellant next contends on rehearing that this court's opinion inaccurately states that appellant's counsel "conceded that he did not believe that the State had any knowledge of the DEA's C.I. file on Hodges." According to appellant, this statement was correct in February 1996, prior to trial, but not in July 1996, at the time of trial. Even assuming, however, that this court misapprehended counsel's remarks at oral argument in this regard, we fail to perceive a material misapprehension warranting rehearing.

Next, and again without reference to any specific statement from the oral argument before this court, appellant asserts on rehearing: "It was at oral argument that defense counsel was first made aware the State conceded error by admitting the C.I. file was not completely turned over." We have been unable to discover any statements from the oral argument before this court which would permit us to conclude that the state has "conceded error." In any event, the unsupported allegation does not warrant rehearing.

Appellant has failed to demonstrate that our prior opinion misstated, overlooked, or misapprehended any *material* facts or law relating to the discovery issues raised on appeal. *See* NRAP 40(c). Appellant argued on appeal that the state's failure to provide the evidence he requested during discovery required reversal of his conviction. *See* Kyles v. Whitley, 514 U.S. 419 (1995); Brady v. Maryland, 373 U.S. 83 (1963); Roberts v. State, 110 Nev. 1121, 881 P.2d 1 (1994). Reversal may be warranted where "material" *Brady* evidence is withheld from the defense. *Id.* A *Brady* violation occurring after the defense has made a specific request for evidence is material if there is a reasonable possibility that the result of the trial would have been different if the suppressed documents had been disclosed to the defense. *See* Jimenez v. State, 112 Nev. 610, 619, 918 P.2d 687, 692 (1996) (quoting *Roberts,* 110 Nev. at 1132, 881 P.2d at 8); *see also* Strickler v. Greene,

527 U.S. 263, 289-90 (1999).[4] Although defense counsels' presentation of the theory of defense in this case may have been enhanced by more complete access to the requested information, we discern no basis for concluding that there is a reasonable possibility that the outcome of appellant's trial would have been affected if appellant had received all the information requested. *See, e.g., Strickler,* 527 U.S. at 290-96; Schlafer v. State, 115, Nev. 167, 979 P.2d 712 (1999).

Even without the complete C.I. file and other requested information, appellant's trial counsel were able to cross-examine the DEA agent assigned to appellant's case effectively and at great length regarding a variety of matters relevant to appellant's entrapment and procuring agent defenses, including, among other things, Hodges' initial referral by the Consolidated Narcotics Unit to the DEA, the extent of the DEA agent's investigation of Hodges' background, the nature and specific terms of the agreement between Hodges and the DEA, Hodges' adherence and failure to adhere to the DEA agent's directions, Hodges' contacts with appellant, and Hodges' criminal record. The record discloses that defense counsel had ample opportunity to present and did in fact thoroughly and skillfully present appellant's defense theories to the jury. The jury listened to appellant's theories regarding what had occurred during a gap in the tape recording when Hodges shut off the transmitter. The jury was also adequately instructed on appellant's entrapment and procuring agent claims.

As we recently held in *Schlafer,* given the thorough "scope and breadth" of the cross-examination and presentation by defense counsel at trial, there is no reasonable possibility that the result of appellant's trial would have been affected by the timely provision of appellant's discovery requests. *See also* Farley v. United States, 694 A.2d 887, 889 (D.C. 1997); *cf.* Carriger v. Stewart, 132 F.3d 463, 480-82 (9th Cir. 1997) (information withheld by prosecution of government witness's history of violent crimes, untruthfulness, mental problems, and commission of ninety-two admitted burglaries after the witness was released from a first burglary sentence was material where government's case hinged on credibility of the informant).

Having revisited our prior decision, however, we nonetheless conclude on rehearing that our prior opinion inappropriately distinguished this case from the *Roberts* case on the basis that the

---

[4]In *Roberts,* this court determined that in "specific request" situations, the Nevada Constitution requires a standard more favorable to the accused than the standard applied by the federal courts. *Id.* (citing Nev. Const. art. 1, § 8). Thus, unlike *Strickler,* which applies a "reasonable probability" test, Nevada requires the existence of a "reasonable possibility" that the claimed evidence would have affected the outcome of the trial. *Id.*

DEA is not a state agent or actor. *See Roberts,* 110 Nev. at 1135, 881 P.2d at 8-9 (prosecutor must disclose to defendant favorable *Brady* material in the possession of the police department). Notably, the state does not contest appellant's explanation that it is a common practice for the state to obtain *Brady* material from federal agencies such as the DEA and provide it to defense counsel. In fact, the state obtained information from the DEA for defense counsel in this case. We do not wish to discourage cooperation between the state, agencies of the federal government, and defense counsel in discovery matters, especially where, as here, a criminal investigation was instigated by federal agents, but ultimately pursued by state prosecutors based on the information acquired in the federal investigation. Accordingly, we modify the earlier opinion to delete the language distinguishing this case from *Roberts* on the basis that the DEA is not a state actor or agent.

Further, despite the state's counsel's insistence at oral argument that defense counsel could and should have obtained materials directly from the DEA by subpoena, we retract the statements to that effect in the prior opinion.[5] First, as a practical matter, it appears that more than a simple subpoena may be required in order to compel a federal agency to disclose information. *See generally* 28 C.F.R. §§ 16.22 to 16.28 (1998). More importantly, however, upon further reflection, we are concerned that the language in our prior decision might be read as absolving or dissuading the state from attempting in good faith to obtain appropriate information requested by the defense, where, as here, the information has been gathered and is maintained by an agency of another jurisdiction. Accordingly, we modify our earlier opinion to delete the statements that defense counsel could have obtained information directly from the DEA by subpoena.

Although we deny appellant's petition for rehearing, as set forth above, we modify our earlier opinion issued in the case.[6]

---

[5]We note that at the oral argument in this case, this court specifically questioned counsel for both parties about the proper procedure for compelling the DEA's release of potentially exculpatory materials to the defense. Neither party's counsel was able to provide this court with an accurate, cogent, complete, or helpful clarification of the prevailing practice or procedure in this respect.

[6]This petition challenges an opinion that was issued prior to the expansion of the court from five to seven justices on January 4, 1999. Only those justices remaining on the court who previously heard this matter participated in this decision.