Bruce Wade BLAIR, Petitioner–
Appellant,

v.

Jacqueline CRAWFORD, Respondent–
Appellee.

No. 99–17665.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2001

Filed Jan. 7, 2002

Michael K. Powell (briefed and argued),
Federal Public Defender, Reno, Nevada,
for the petitioner–appellant.

Kevin R. Briggs (briefed), Deputy Attor-
ney General, Ely, Nevada, for the respon-
dent-appellee.

Victor–Hugo Schulze, II (argued), Depu-
ty Attorney General, Las Vegas, Nevada,
for the respondent-appellee.

Before: BEEZER, TROTT, and
TALLMAN, Circuit Judges.

TROTT, Circuit Judge:

Bruce Blair ("Blair") appeals the district
court's dismissal of his habeas corpus peti-
tion as untimely. Blair argues that his
application, submitted to the Nevada Su-
preme Court, for an extraordinary writ
was properly filed and thus tolled the Anti-
Terrorism and Effective Death Penalty

Act of 1996's ("AEDPA") one-year limitations period. 28 U.S.C. § 2244(d)(1), (2) (2000). If tolled, he contends, his petition was timely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We agree that Blair's petition for an extraordinary writ to the Nevada Supreme Court was properly filed and REVERSE and REMAND.

# I

## BACKGROUND

In June 1990, a jury convicted Blair of burglary, attempted sexual assault with the use of a deadly weapon, and sexual assault with the use of a deadly weapon. Blair unsuccessfully appealed his conviction to the Nevada Supreme Court, and the conviction became final in June 1991. In June 1992, Blair filed a petition for post-conviction relief in the Second Judicial District Court of Nevada. After that court denied the petition, Blair appealed to the Nevada Supreme Court, which dismissed the appeal on November 7, 1996.

In November 1997, Blair sought federal post-conviction relief by filing a petition for a writ of habeas corpus in the United States District Court for the District of Nevada. The magistrate concluded that Blair's petition contained unexhausted claims, warned Blair of the AEDPA's one-year limitations period, and notified him that he had thirty days left in which to exhaust his state court remedies and bring his petition back to federal court.

On December 29, 1998, in light of the magistrate's report and recommendation, the district court granted Blair's request for a voluntary dismissal of his federal petition. On January 7, 1999, Blair filed a motion for an extraordinary writ directly with the Nevada Supreme Court in an attempt to exhaust his state remedies.

The Nevada Supreme Court denied Blair's request, stating:

> This is a proper person petition for an extraordinary writ seeking this court's review of claims that petitioner's counsel failed to raise on appeal from an order denying a post-conviction habeas petition. We have reviewed the documents on file with this court, and we conclude that our intervention by extraordinary writ is not warranted. Petitioner's remedy is to file a habeas petition in the [state] district court. He may then appeal to this court from an adverse decision. Accordingly, we deny this petition.

Blair petitioned the Nevada Supreme Court to reconsider its dismissal, but the Court denied his request on April 15, 1999.

Rather than follow the Nevada Supreme Court's instruction to file a habeas petition in state district court, Blair returned to federal court and filed the instant petition for habeas corpus on April 9, 1999—101 days after his first habeas petition was dismissed.

The district court dismissed Blair's second petition as untimely. The court observed that (1) all but thirty days of the one-year statute of limitations had run when Blair filed his first federal habeas petition, and (2) his second federal petition was filed 101 days after the dismissal of his first petition. Therefore, Blair's petition was timely only if his motion for an extraordinary writ before the Nevada Supreme Court tolled the AEDPA's one-year limitations period.

The district court held that Blair's petition was not "properly filed" in state court under 28 U.S.C. § 2244(d)(2) because 203 Blair should have filed his application for habeas corpus with the state district court pursuant to Nevada Revised Statute ("N.R.S.") 34.710, *et seq.*, not with the Nevada Supreme Court. Because the petition was not properly filed, the district court

concluded that the one-year limitations period was not tolled, and that Blair's second petition for habeas relief was untimely.

The district court denied a certificate of appealability, but a Ninth Circuit panel granted one on the following issue: "[W]hether appellant is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) with respect to a petition for extraordinary writ filed in the Nevada Supreme Court."

## II

## STANDARD OF REVIEW

 We review de novo the district court's dismissal of Blair's federal habeas petition on statute of limitations grounds. *Dictado v. Ducharme,* 244 F.3d 724, 726 (9th Cir.2001).

## III

## TIMELINESS

The AEDPA imposes a one-year statute of limitations on state prisoners seeking federal writs of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year clock, however, is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2). The question of whether Blair's federal habeas petition is timely depends on whether Blair's petition for an extraordinary writ was a "properly filed" application for state post-conviction relief.

The United States Supreme Court has held that "an application is *'properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). A state's laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, *the court and office in which it must be lodged,* and the requisite filing fee." *Id.*

(footnote omitted) (emphasis added). "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction ... it will be *pending,* but not *properly filed." Id.* at 9, 121 S.Ct. 361.

The state contends that Nevada law requires a post conviction petition for writ of habeas corpus to be filed in the proper state district court and thus, Blair's application for an extraordinary writ was not properly filed. N.R.S. 34.724.2(b). Blair argues that seeking an extraordinary writ from the Nevada Supreme Court under its original jurisdiction is an acceptable avenue, and hence his application was properly filed.

The Nevada Supreme Court's jurisdiction to issue writs of habeas corpus is derived from the Nevada Constitution. Nev. Const. Art. VI, § 4("The [Nevada Supreme Court] shall also have power to issue writs of mandamus ... and habeas corpus."). The state legislature cannot eliminate the state supreme court's constitutionally granted authority to issue writs of habeas corpus under its original jurisdiction through N.R.S. 34.724.2(b). *See Kussman v. Eighth Judicial Dist. Ct.,* 96 Nev. 544, 612 P.2d 679, 680 (1980) (Gunderson, J., dissenting). Indeed, the Nevada Supreme Court's "original jurisdiction in habeas corpus ... does not derive from statute. It is directly vested by the Nevada Constitution. Thus, any attempt by the Legislature to restrict [the state Supreme Court's] jurisdiction in these matters would be highly suspect." *Id.*

 While the Nevada Constitution grants the Nevada Supreme Court the authority to issue writs, Nevada law specifies that post-conviction petitions for writs of habeas corpus "must be filed with the clerk *of the district court* for the county in which the conviction occurred." N.R.S. 34.738.1(emphasis added). "Such a petition

... [c]omprehends and takes the place of all other common law, statutory or other remedies which have been available for challenging the validity of the conviction or sentence, *and must be used exclusively in place of them.*" N.R.S. 34.724.2(b) (emphasis added). The use of the word "exclusively" suggests that the only permissible means for a Nevada state prisoner to obtain post-conviction review is through a petition for habeas corpus filed in the appropriate state district court.

Although the Nevada Supreme Court has not issued a writ of habeas corpus under its original jurisdiction since the passage of N.R.S. 34.720 *et seq.,* it retains the authority to do so. A state statute cannot repeal constitutionally authorized power. The Nevada Supreme Court dismissed Blair's application for an extraordinary writ, stating, "We have reviewed the documents on file with this court, and we conclude that our intervention by extraordinary writ is not warranted." Accordingly, the Nevada Supreme Court, under its original jurisdiction, considered and denied Blair's petition because it found such relief unwarranted in Blair's case. Thus, Blair's petition for an extraordinary writ was "properly filed" because it was before a court and office where it could be lodged. *See Artuz,* 531 U.S. at 8, 121 S.Ct. 361; *see also Emerson v. Johnson,* 243 F.3d 931 (5th Cir.2001) (applying *Artuz*'s broad reading of the phrase "properly filed" where Texas courts continued to entertain motions for reconsideration that were barred by state statute).

Although Blair's petition was properly filed before the Nevada Supreme Court, it appears that there may be another reason Blair's petition in federal district court was untimely. Subsequent to the district court's order, the United States Supreme Court held that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001). *See also Fail v. Hubbard,* 272 F.3d 1133 (9th Cir.2001). It appears Blair's first federal habeas petition did not toll the statute of limitations period, and thus the entire time Blair's first petition was before the federal district court, the limitations period continued to run. Therefore, his second petition may be untimely because the thirty days expired while Blair was in federal court and no state action was pending. As this issue was not raised or argued by either party, we remand it for consideration by the district court.

## IV

## CONCLUSION

The Nevada Supreme Court's power to issue writs stems from the Nevada Constitution and cannot be repealed by statute. Thus, we hold that Blair's application for an extraordinary writ was "properly filed" with the Nevada Supreme Court as contemplated by the AEDPA. Further consideration of issues affecting timeliness that were not raised on appeal are left to the district court for consideration.

REVERSE AND REMAND