Benjamin R. HOBBS, Petitioner–Appellant,

v.

E.K. MCDANIEL; Frankie Sue Del Papa, Respondents–Appellees.

No. 99–15854.

D.C. No. CV–98–00351–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Nevada state prisoner Benjamin R. Hobbs appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction and life sentence for coercion, sexual assault, and battery with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we reverse and remand.

The district court determined that Hobbs's federal petition is not exhausted. However, Hobbs raised the claims he now seeks to raise in a petition for an original

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

grant of habeas corpus from the Nevada Supreme Court. That court appears to have addressed his claims on the merits because it stated, in its order, that it had considered Hobbs's documents and determined that the relief he requested was not warranted. Thus, Hobbs's claims are exhausted. *See Greene v. Lambert,* 288 F.3d 1081, 1086 (9th Cir.2002) ("[E]xhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court."); *see also Blair v. Crawford,* 275 F.3d 1156, 1159 (9th Cir.2002) (stating that the Nevada Supreme Court retains its original jurisdiction to grant a writ of habeas corpus).

Because Hobbs's claims are exhausted, we reverse the district court's decision and remand for further proceedings.

**REVERSED AND REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.