DAVID HOSIER, PETITIONER, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 44949

August 11, 2005                                    117 P.3d 212

[Rehearing denied September 9, 2005]

*David Hosier,* Lovelock, in Proper Person.

---

*Brian Sandoval,* Attorney General, Carson City; *Noel S. Waters,* District Attorney, Carson City, for Respondent.

Before ROSE, GIBBONS and HARDESTY, JJ.

## OPINION

*Per Curiam:*

This is an original proper person petition for extraordinary relief. Citing to Article 6, Section 4 of the Nevada Constitution, petitioner David Hosier challenges the validity of his 1990 judgment of conviction and requests this court to exercise its original jurisdiction to consider the merits of his claims. For the reasons discussed below, we conclude that the exercise of our original jurisdiction is not warranted in this matter.

### PROCEDURAL HISTORY

The district court convicted Hosier, pursuant to a jury verdict, of seven counts of sexual assault and one count of a lewdness with a child under the age of fourteen years. The district court sentenced Hosier to serve seven consecutive terms of life in the Nevada State Prison with the possibility of parole after five years had been served on each term. Hosier timely appealed from the judgment of conviction, and this court dismissed the appeal in 1991.[1]

In 1993, Hosier filed an untimely post-conviction petition for a writ of habeas corpus in the district court. The district court denied the petition on the ground that it was untimely and without good cause contrary to the requirements of NRS 34.726. This court dismissed Hosier's subsequent appeal.[2] On March 22, 2005, Hosier filed the instant original proper person petition in this court.

---

[1]*Hosier v. State,* Docket No. 21626 (Order Dismissing Appeal, September 3, 1991).

[2]*Hosier v. State,* Docket No. 26884 (Order Dismissing Appeal, April 28, 1995).

## DISCUSSION

In his petition, Hosier seeks this court's review of numerous claims challenging the validity of his 1990 judgment of conviction. He argues that Article 6, Section 4 of the Nevada Constitution entitles him to this court's review of the merits of his claims. Article 6, Section 4 provides that this court has jurisdiction to "issue all writs necessary or proper to the complete exercise of its appellate jurisdiction." Based on this language and the Ninth Circuit Court of Appeals decision in *Blair v. Crawford*,[3] Hosier apparently argues that we are compelled to exercise our original jurisdiction to consider the merits of his claims because "procedural and time snarls" have previously prevented this court from reviewing his claims on the merits. Thus, he asserts, this court has not "completed" the exercise of its appellate jurisdiction. In addition, Hosier asserts that Article 6, Section 4 precludes this court from applying any procedural bars that would prevent our resolution of his claims on the merits.

Hosier's arguments are unpersuasive. Although this court retains original jurisdiction to issue writs, this court will not exercise its original jurisdiction to consider a writ petition in a criminal case raising claims that could or should have been raised in an appeal or in an appropriate post-conviction proceeding in the district court. A challenge to the validity of the judgment of conviction should be raised in a post-conviction petition for a writ of habeas corpus filed in the district court in the first instance.[4] A party aggrieved by the district court's resolution of a post-conviction habeas petition may then appeal the decision to this court.[5] Such an appeal completes this court's exercise of its appellate jurisdiction.

Further, Hosier's reliance upon *Blair* is misplaced. *Blair* does not require this court to exercise its original jurisdiction to consider the merits of claims raised in original petitions filed in this court in the first instance. Rather, *Blair* recognizes that the filing of an original petition in this court serves as a tolling document for federal habeas corpus purposes.[6] In fact, as *Blair* observes, this court "has not issued a writ of habeas corpus under its original jurisdic-

---

[3]275 F.3d 1156 (9th Cir. 2002).

[4]*See* NRS 34.738(1); NRAP 22. We express no opinion as to whether Hosier could satisfy the procedural requirements of NRS chapter 34 if he were to file a habeas corpus petition at such a late date.

[5]*See* NRS 34.575(1).

[6]275 F.3d at 1159.

tion since the passage of NRS 34.720 *et seq.*'"[7] Thus, we decline to exercise this court's original jurisdiction to consider this original petition challenging the validity of the judgment of conviction.

Strong policy reasons support our determination. Original petitions are not accompanied by a complete record on appeal. Thus, this court's ability to review claims challenging the judgment of conviction is seriously limited. In addition, the Nevada Constitution limits this court's appellate jurisdiction to questions of law alone.[8] Our consideration of many petitions of this type would require this court to exceed its appellate jurisdiction because the claims presented often require evidentiary and factual determinations. This court is not a fact-finding tribunal; the district court is the most appropriate forum to resolve such issues.[9] Finally, petitions seeking this court's exercise of original jurisdiction compromise this court's interest in the finality of judgments—especially when they are intended to circumvent procedural bars, as appears to be the case here.

This court has received a number of similar frivolous petitions seeking this court's exercise of original jurisdiction. These petitions challenge the validity of the judgments of conviction and are in essence thinly-disguised petitions for writs of habeas corpus. We caution such petitioners that deductions of time earned by a prisoner may be forfeited if a court finds that the prisoner has filed a document in a civil action that contains a claim or defense included for an improper purpose, that is not supported by existing law or reasonable argument for a change in existing law, or that contains allegations or information presented as fact for which evidentiary support is not available or is not likely to be discovered after further investigation.[10] These petitions waste scarce judicial resources, and this court will take all appropriate steps necessary to curb abusive and vexatious filings.

## CONCLUSION

Hosier has presented no compelling reason for this court's exercise of its original jurisdiction in this case. Accordingly, we deny the petition.[11]

---

[7]*Id.*

[8]Nev. Const. art. 6, § 4.

[9]*Wade v. State,* 115 Nev. 290, 294, 986 P.2d 438, 441 (1999).

[10]NRS 209.451(1)(d). A petition for a writ of habeas corpus is a "civil action" for the purposes of this statute. NRS 209.451(5).

[11]This court has received all proper person documents submitted in this matter and concludes that no relief is warranted for the reasons discussed above.