# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANKLIN LEE TREVINO, SR.,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 76696

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying Franklin Lee Trevino, Sr.'s postconviction petition for a writ of habeas corpus.[1] Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Relying on NRS 209.4465(7)(b) and *Williams v. Nevada Department of Corrections*, 133 Nev., Adv. Op. 75, 402 P.3d 1260 (2017), Trevino asserted that the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole. The district court disagreed, concluding that Trevino was serving a sentence for a category B felony (eluding a police officer in violation of NRS 484B.550(3)) that was committed in 2017 and

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3). The pro se brief contains no argument; instead, it asks that we appoint counsel to assist Trevino. We deny that request because it appears that he did not request the appointment of counsel below and that such an appointment is not warranted on appeal. *See* NRS 34.750(1) (providing that appointment of postconviction counsel is discretionary and identifying some relevant considerations).

19-07789

therefore NRS 209.4465(8)(d) precludes respondent from applying Trevino's statutory credits to the minimum term of his sentence.

Having reviewed the record, we find no error in the district court's decision that respondent cannot apply Trevino's statutory credits to the minimum term of his sentence. Contrary to Trevino's arguments below, NRS 209.4465(8) does not conflict with NRS 209.4465(7)(b); rather, subsection 7(b) sets forth a general rule about the application of credits to the minimum term of sentence and subsection 8 provides exceptions to that general rule. *See* NRS 209.4465(7)(b) ("*Except* as otherwise provided in subsection[ ] 8 . . . " (emphasis added)); *Williams*, 133 Nev., Adv. Op. 75, 402 P.3d at 1264 n.6 (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). Because Trevino is serving a sentence for an offense committed in 2017, after the 2007 amendments to NRS 209.4465, the exceptions to NRS 209.4465(7)(b) set forth in NRS 209.4465(8) apply to him. Specifically, because Trevino is serving a sentence for a category B felony, the exception set forth in NRS 209.4465(8)(d) precludes respondent from applying Trevino's credits to the minimum term of his sentence. We also are not persuaded by Trevino's arguments below that the 2007 amendments to NRS 209.4465 violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Accord Vickers v. Dzurenda*, 134 Nev., Adv. Op. 91 at 3-8 (Ct. App. 2018) (discussing and rejecting equal-protection challenge to 2007 amendments to NRS 209.4465).

Finally, we see no clear abuse of discretion in the district court's decision to refer Trevino to the Director of the Department of Corrections for the possible forfeiture of credits. *See* NRS 209.451(1)(d) (providing that in certain circumstances an offender may forfeit credits based on a written

document that he or she has presented to a court in a "civil action"); NRS 209.451(5) (defining "civil action" to include "a petition for a writ of habeas corpus"). In particular, the petition filed below (1) was clearly without merit based on the law as it existed when the petition was filed in June 2018—NRS 209.4465(8) and *Williams*—and (2) did not present a reasonable argument for a change in existing law or its interpretation. NRS 209.451(1)(d)(2); *see also Hosier v. State*, 121 Nev. 409, 412, 117 P.3d 212, 214 (2005) (discussing similar circumstances in which this court might refer an inmate under NRS 209.451(1)(d) when he or she files a frivolous original writ petition). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Jim C. Shirley, District Judge
Franklin Lee Trevino, Sr.
Attorney General/Carson City
Pershing County Clerk

