# IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN SCOTT HANES,
Appellant,
vs.
PERRY RUSSELL, WARDEN,
Respondent.

No. 76322

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying Jonathan Scott Hanes' postconviction petition for a writ of habeas corpus.[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

Relying on NRS 209.4465(7)(b), Hanes asserted that the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole. The district court disagreed, concluding that Hanes currently is serving a sentence for a category B felony (eluding a police officer in violation of NRS 484B.550(3)) and therefore NRS 209.4465(8)(d) precludes respondent from applying Hanes' statutory credits to the minimum term of his sentence. The district court also rejected Hanes' ex post facto challenge to the application of NRS 209.4465(8)(d) because Hanes committed the offense at issue in 2015, long *after* NRS 209.4465(8)(d) took effect in 2007.

Having reviewed the record, we find no error in the district court's decision. *See Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75,

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

19-07840

402 P.3d 1260, 1264 n.6 (2017) (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments); *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (explaining that one of the two "critical elements [that] must be present for a criminal or penal law to be *ex post facto* [is that] it must be retrospective, that is, it must apply to events occurring *before* its enactment" (second emphasis added)). We further see no clear abuse of discretion in the district court's decision to refer Hanes to the Director of the Department of Corrections for the possible forfeiture of credits. *See* NRS 209.451(1)(d) (providing that in certain circumstances an offender may forfeit credits based on a written document that he or she has presented to a court in a "civil action"); NRS 209.451(5) (defining "civil action" to include "a petition for a writ of habeas corpus"). In particular, the petition filed below (1) was clearly without merit based on the law as it existed when the petition was filed in April 2018— NRS 209.4465(8) and *Williams*—and (2) did not present a reasonable argument for a change in existing law or its interpretation. NRS 209.451(1)(d)(2); *see also Hosier v. State*, 121 Nev. 409, 412, 117 P.3d 212, 214 (2005) (discussing similar circumstances in which this court might refer an inmate under NRS 209.451(1)(d) when he or she files a frivolous original writ petition). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. James Todd Russell, District Judge
Jonathan Scott Hanes
Attorney General/Carson City
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A