IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL DEAN ADKISSON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 77933<br><br>**FILED**<br><br>JUL 16 2020<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. The district court denied appellant Michael Dean Adkisson's petition as procedurally barred. Adkisson argues that the procedural bars do not apply to his petition or that they should be excused because he has shown good cause and actual prejudice. We disagree and affirm.[1]

Adkisson first suggests that the procedural bars set forth in NRS Chapter 34 do not apply because he has raised a "unique" issue and the petition should be treated as something other than a postconviction habeas petition. Adkisson does not identify the other extraordinary writ that would be relevant here. But more importantly, Nevada law provides that, aside from a direct appeal or another proceeding "incident to the proceedings in the trial court," NRS 34.724(2)(a), a postconviction habeas petition is the only way to challenge "the validity of [a] conviction or

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

20-26207

sentence" while the petitioner is in custody, NRS 34.724(1), (2)(b); *see also Harris v. State*, 130 Nev. 435, 329 P.3d 619 (2014). Despite Adkisson's creative arguments to the contrary, the issue he raises involves a challenge to the validity of the consecutive sentence imposed under NRS 193.165. The procedural bars set forth in NRS Chapter 34 therefore apply to his petition.[2] *See* NRS 34.720.

Adkisson's postconviction habeas petition was untimely because it was filed more than 11 years after remittitur issued on direct appeal on August 8, 2006. *See* NRS 34.726(1); *Adkisson v. State*, Docket No. 44581 (Order of Affirmance, May 17, 2006). His petition was also successive because he had previously litigated a postconviction habeas petition, *Adkisson v. State*, Docket No. 64382 (Order of Affirmance, April 15, 2015), and it constituted an abuse of the writ as he raised a claim that could have been raised in his prior petition. *See* NRS 34.810(2). His petition was therefore procedurally barred absent a showing of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, as the State specifically pleaded laches, Adkisson was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

---

[2]We decline Adkisson's request to disregard the procedural bars and provide relief through this court's constitutional power to grant writ relief. *Cf.* Nev. Const. Art. 6, § 4(1). We have declined to exercise this power to excuse the procedural bars and reach claims that could have been raised in proceedings that complied with the requirements of NRS Chapter 34. *See Hosier v. State*, 121 Nev. 409, 411-12, 117 P.3d 212, 213 (2005).

Adkisson argues that the procedural bars should be excused because his challenge to his detention on the weapon-enhancement sentence could not be raised until he was paroled from his primary sentence for second-degree murder. We disagree. Adkisson's argument is premised on the idea that he had no reason to challenge the weapon-enhancement sentence earlier because he did not know whether the Department of Corrections (NDOC) would continue to detain him on the weapon-enhancement sentence. That premise is flawed. The judgment of conviction imposed two consecutive sentences of life in prison with the possibility of parole after 10 years. NDOC had no discretion in this respect.[3] *See* NRS 176.305 ("If the judgment be imprisonment . . . , the defendant must forthwith be committed to the custody of the proper officer, and detained until the judgment is complied with."). Accordingly, Adkisson has known since the moment the judgment of conviction was entered that he would be required to serve the weapon-enhancement sentence unless it were overturned. His institutional parole from the primary sentence changed nothing in that respect. And finally, the legal authority he cites in support of his claim—*Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013)—was available long before he filed the

---

[3]Relying on the general proposition that "jurisdictional issues can be raised at any time," *Barber v. State*, 131 Nev. 1065, 1069, 363 P.3d 459, 462 (2015), Adkisson also argues that the procedural bars do not apply because his claim is "jurisdictional" in that it "challenges the very power of NDOC to hold him." That argument fails as a "jurisdictional issue" is one that goes to a court's subject-matter jurisdiction. *See Barber*, 131 Nev. at 1069, 363 P.3d at 462. And as explained above, NDOC had the authority to hold Adkisson based on the judgment of conviction.

underlying petition in 2017. Adkisson's challenge to the weapon-enhancement sentence was thus available to be raised earlier, and Adkisson has not shown that an impediment external to the defense provides good cause for his delay in raising the issue. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (explaining that good cause requires showing that an impediment external to the defense prevented compliance with the procedural default rules and may be met by showing that the legal basis for the claim was not reasonably available to be timely raised).

Even if he had shown good cause, Adkisson did not show prejudice, as his argument that he cannot be incarcerated on the weapon-enhancement sentence after being granted parole on the primary sentence for second-degree murder lacks merit. *See Rippo v. State*, 134 Nev. 411, 422, 423 P.3d 1084, 1097 (2018) (providing that review of undue prejudice implicates a claim's merits); *Hogan v. Warden*, 109 Nev. 952, 959-60, 860 P.2d 710, 716 (1993) (providing that actual prejudice requires showing error that worked to the petitioner's actual and substantial disadvantage). Adkisson argues that he was "convicted of only one crime of second degree murder with use of a deadly weapon" and has been "granted parole on that crime," so he must be released from custody. But, the Legislature has provided that when a person uses a deadly weapon to commit a crime, he shall be required to serve an additional, consecutive term. NRS 193.165(1). The weapon-enhancement sentence thus does not implicate the Double Jeopardy Clause's proscription against multiple punishments because it is authorized by the Legislature. *Nev. Dep't of Prisons v. Bowen*, 103 Nev. 477, 480-81, 745 P.2d 697, 699 (1987); *see also Missouri v. Hunter*, 459 U.S. 359, 366 (1983) ("With respect to cumulative sentences imposed in a single trial,

the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."). And we are not convinced that *Apprendi* and *Alleyne* alter that analysis. *See, e.g., State v. Stevens*, No. 1 CA-CR 14-0642, 2015 WL 8475986 (Ariz. Ct. App. Dec. 10, 2015) (rejecting argument that based on *Apprendi* and its progeny convictions became multiplicitous when dangerousness enhancement was applied); *State v. Kelley*, 226 P.3d 773 (Wash. 2010) (concluding that *Apprendi* and its progeny did not change double jeopardy analysis with respect to firearm enhancement). Accordingly, Adkisson has not shown that the mandatory procedural bars should be excused, and the district court did not err in denying the petition as procedurally barred. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Adkisson also challenged the computation of his sentence. This was improper. NRS 34.738(3) (providing that a postconviction habeas petition may not challenge both the judgment of conviction or sentence and the computation of time).[4] Because the petition raised both types of claims, those claims that challenged the computation of time were properly dismissed without prejudice for Adkisson to file a computation petition in

---

[4]Adkisson's argument that his appeal is comparable to *Green v. Baca*, Docket No. 77908-COA (Order of Reversal and Remand, October 22, 2019), is mistaken, as *Green* did not involve challenges to both the sentence and the computation of time and thus did not implicate NRS 34.738(3).

the district court of the county where he is incarcerated.[5]  NRS 34.738(1), (3).

Having considered Adkisson's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. William D. Kephart, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Attorney General/Las Vegas
       Eighth District Court Clerk

_____

[5]It is unclear whether Adkisson's "computation" argument is any different from his challenge to the enhancement sentence.  To the extent it is the same, our decision today effectively rejects it.